John W. Shaw, Esq.  SBN:  82802
jshaw@mpplaw.com
Litsa Georgantopoulos, Esq. SBN: 238288
lgeorge@mpplaw.com
**MORRIS POLICH & PURDY LLP**
1055 West Seventh Street, 24th Floor
Los Angeles, California 90017
Telephone:      (213) 891-9100
Facsimile:      (213) 488-1178

Attorneys for Defendant,
**SMITH & NEPHEW, INC.**

### UNITED STATES DISTRICT COURT

### FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROLAND SALINAS,<br><br>           Plaintiffs,<br><br>vs.<br><br>SMITH & NEPHEW, INC., Does 1 to 100, inclusive,<br><br>           Defendants. | Case No.: 2:12-CV-03102-KJM-CKD<br>[Action Filed:  November 27, 2012]<br><br>**STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION AND/OR MATERIALS** |

WHEREAS, the parties, Plaintiff, ROLAND SALINAS (hereinafter "Plaintiff"), and Defendant, SMITH & NEPHEW, INC. (hereinafter "Defendant"), recognize that, pursuant to discovery or otherwise during the course of this action, the parties may be required to disclose confidential and sensitive financial data, technical information, trade secrets, proprietary non-public commercial information, information involving privacy interests, and other commercially and/or competitively sensitive information of a non-public nature, the unrestricted disclosure of which would tend to cause injury to the Disclosing Party;

1

WHEREAS, the parties, through Counsel and for good cause shown, stipulate to entry of this Protective Order Regarding Confidential Information and/or Materials to prevent unnecessary disclosure or dissemination of such confidential information;

IT IS HEREBY ORDERED AND ADJUDGED that the following provisions of this Order shall govern and control the disclosure, dissemination and use of information in this action.

1. **SCOPE**

    **1.1.** This Order shall govern the production, use and disclosure of "CONFIDENTIAL" information and/or material, in any form whatsoever, produced, used or disclosed in connection with this action and designated in accordance with this Order.  Any party may designate information and/or material produced, used, or disclosed in connection with this action as "CONFIDENTIAL" and subject to the protections and requirements of this Order, if so designated in writing to each party, by stamping the legend "CONFIDENTIAL" on the documents, information and/or material prior to production, or orally if recorded as part of a deposition or court record pursuant to the terms of this Order.

2. **DEFINITIONS**

    **2.1.** "CONFIDENTIAL" information and/or materials means, but is not limited to: testimony at a deposition, hearing, or trial in this Action; information, documents and data which constitute confidential and sensitive financial data, technical information, trade secrets, proprietary or non-public commercial information; information involving the manufacturing and design of Smith & Nephew, Inc.'s ("Smith & Nephew") products; other commercially and/or competitively sensitive information of a non-public nature, or

**STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION AND/OR MATERIALS**

information that is received on a confidential basis; and information involving privacy interests protected by the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") and/or Patient Safety and Quality Improvement Act of 2005 ("PSQIA") and applicable Federal Regulations associated with either Act.

**2.1.1.** The form of "CONFIDENTIAL" information and/or material includes but it is not limited to: documents and other tangible items produced during discovery in this Action; deposition, hearing or trial testimony; deposition, hearing or trial transcripts; exhibits to depositions; computer memory or archives; other written and/or recorded or graphic matter; and all copies, excerpts, or summaries thereof, produced by a Disclosing Party or a third-party during the proceedings of this Action in which this Order has been adopted and/or stipulated to in writing by Counsel of Record for the Disclosing Party.

**2.2.** The "Disclosing Party" means the party from whom "CONFIDENTIAL" information and/or materials is being sought and includes the Defendant and any person(s) or entities acting on their behalf, and/or Plaintiff and any person(s) or entities acting on Plaintiff's behalf.

**2.3.** The "Receiving Party" means the party seeking or otherwise requesting "CONFIDENTIAL" information and/or material and includes the Defendant, and any person(s) or entity acting on their behalf; Plaintiff and any person(s) or entities acting on Plaintiff's behalf; and/or any person or entity described in Paragraphs 6.3(a) – (h) of this Order.

**2.4** This "Action" means the lawsuit pending in the United States District Court for the Eastern District of California, styled ROLAND

**STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION AND/OR MATERIALS**

SALINAS v. SMITH & NEPHEW, INC., et al., Case No. 2:12-CV-03102-KJM-CKD.

**3.   REDACTION OF "CONFIDENTIAL" INFORMATION AND/OR MATERIAL**

**3.1.**   Notwithstanding the provisions of Paragraph 2.1 above, Defendant may redact from any "CONFIDENTIAL" document or materials any trade secrets or other highly confidential research, development or commercial information, information involving the manufacturing and design of Smith & Nephew's products, other competitively sensitive information of a non-public nature or received on a confidential basis, including but not limited to:

    **(a)**   Specific dollar amounts;

    **(b)**   Names and any information that would identify individuals (other than Plaintiff) referred to in adverse reaction reports, product experience reports, consumer complaints, and other similar data and any third-party involved with such subjects or patients, including but not limited to a physician or hospital or other institution.

**3.2.**   Such redaction shall be accompanied by a written explanation describing what us being redacted sufficient to enable the other parties to assess the basis of the redaction without revealing information itself privileged or protected.

**3.3.**   If a party has a good faith basis for the challenging the redaction, counsel shall initially attempt to resolve the issue through discussions.  If these discussions prove unsuccessful, counsel may move for a ruling, which may require this Court's *in camera* inspection of a document on the issue of whether certain information is entitled to redaction.

4

**3.4.**  Notwithstanding the provisions of Paragraphs 2.1 and 3.1, the Disclosing Party may redact information from any documents, information and/or material that is designated as "CONFIDENTIAL" pursuant to this Order.  Any document(s) information and/or material so redacted shall have "REDACTED" stamped on each page from which the material or information has been redacted.  As to any redactions performed, the Disclosing Party shall provide a description of what information and/or material has been redacted to enable another party to determine whether the redaction is proper.

**3.5.**  Should any party have a good faith basis for challenging the redaction the procedure for resolving any disputes over the redacted information and/or material shall be as set forth in Paragraph 3.3.

**4.**  **DESIGNATING INFORMATION AND/OR MATERIAL AS CONFIDENTIAL**

**4.1.**  The Disclosing Party may designate any information and/or material as "CONFIDENTIAL."  In designating information and/or material as "CONFIDENTIAL," Counsel for the Disclosing Party will make such designation only as to that information and/or material that he or she, in good faith, believes to be "CONFIDENTIAL," in accordance with the definition set forth in Paragraph 2.1 of this Order.

**4.2.**  **"CONFIDENTIAL" Documents**.  Information and/or material may be designated "CONFIDENTIAL" by stamping or marking the word "CONFIDENTIAL" on the face of each page of each document, or by using other procedures as may be agreed upon by the parties.  Such stamping or marking shall take place prior to production by the Disclosing Party or subsequent to selection by the Receiving Party for copying but prior to such copying.  The stamp or mark shall be affixed in such a manner that the written matter is not obliterated or obscured.

5

Such stamping or marking must be done expeditiously so as to reasonably avoid delays in the production of documents or disclosure of information.

4.3.    **"CONFIDENTIAL" Deposition Testimony.**  In the event that any question is asked at a deposition which a party asserts calls for "CONFIDENTIAL" information and/or material, such question shall be answered by the witness fully and completely, to the extent required by law.  Any party may, either on the record at the deposition or by written notice served on counsel for all parties no later than twenty (20) days after the receipt of the deposition transcript, designate specific portions of the deposition or the deposition transcript "CONFIDENTIAL" as appropriate if such party reasonably and in good faith judgment believes the criteria for such designations set forth in Paragraph 2.1, above, are satisfied.  A separately bound transcript of those portions of the testimony that contain "CONFIDENTIAL" information and/or material shall be made if requested by the Disclosing Party.

    4.3.1. Certain depositions may be designated "CONFIDENTIAL," in their entirety, prior to being taken because of the anticipated deposition testimony.

    4.3.2. During such time as any information and/or material designated as "CONFIDENTIAL" is disclosed in a deposition, any party shall have the right to exclude from attendance at the deposition any person who is not entitled to receive such information and/or material pursuant to this Order.

4.4.    **"CONFIDENTIAL" Written Discovery.**  All written discovery requests and responses thereto which contain information considered, in good faith, to be "CONFIDENTIAL" in accordance with

Paragraph 2.1 above, shall be designated as "CONFIDENTIAL" by stamping them in accordance with this Order.

**5.     INADVERTENT OR UNINTENDED DISCLOSURE OF "CONFIDENTIAL" INFORMATION AND/OR MATERIALS**

    **5.1.   Non-Waiver.**  The inadvertent or unintended disclosure by the Disclosing Party of "CONFIDENTIAL" information and/or material considered by the Disclosing Party to be "CONFIDENTIAL" shall not be deemed a waiver, in whole or in part, of a party's claim that the information and/or material is "CONFIDENTIAL," either as to the specific document, material or information disclosed or as to any other document, material or information relating thereto.  Any such inadvertently or unintentionally disclosed "CONFIDENTIAL" information and/or material shall be designated as "CONFIDENTIAL" as soon as reasonably practicable after the Disclosing Party becomes aware of the erroneous disclosure and shall thereafter be treated as "CONFIDENTIAL" by all thereafter Receiving Parties.

**6.     DISCLOSURE OF "CONFIDENTIAL" INFORMATION AND/OR MATERIALS**

    **6.1.**   No person receiving "CONFIDENTIAL" information and/or material designated as "CONFIDENTIAL" pursuant to this Order shall disclose it or its contents to any person other than those described in Paragraph 6.3.  No such disclosure shall be made for any purposes other than those described in Section 7 below, and in no event shall such person make any other use of such "CONFIDENTIAL" information and/or material.

    **6.2.**   Counsel shall be responsible for obtaining prior written agreement to be bound by the terms of this Order from all persons to whom any

"CONFIDENTIAL" information and/or material so designated is disclosed as permitted by Paragraphs 6.3(a) – (h). Such written agreement shall be obtained by securing the signature of any recipient of such "CONFIDENTIAL" information and/or material to a copy of <u>Exhibit 1</u> to this Order. Counsel shall be responsible for maintaining a list of all persons to whom any "CONFIDENTIAL" information and/or material is disclosed and, only for good cause shown, such list shall be available for inspection by counsel for other parties upon order of this Court.

**6.3.** **<u>Authorized Disclosure of "CONFIDENTIAL" Information and/or Material</u>.** "CONFIDENTIAL" information and/or material designated as such shall be disclosed only to the following persons:

(a) The parties and Counsel of Record in this Action, and such partners, associate attorneys, and such other attorneys that by virtue of their relationship with Counsel of Record (e.g. partners and/or associate attorneys in the same law practice with Counsel of Record and/or attorneys in an "of Counsel" position with Counsel of Record) have an attorney-client relationship with one of the parties to this Action, paralegal assistants, and stenographic or clerical employees of such Counsel as have been assigned to assist Counsel in the prosecution, defense or settlement of this Action;

(b) Any person, including employees of a party, used or retained by Counsel or a party as an expert or consultant as defined by the Federal Rules of Civil Procedure and the Federal Rules of Evidence, to the extent deemed necessary by Counsel to aid in the prosecution, defense or

8

settlement of this Action, provided that each such expert and/or consultant has read this protective Order in advance of disclosure and undertakes in writing to be bound by the terms of this Order by signing a copy of Exhibit 1 attached hereto.  A signed copy of Exhibit 1 shall be furnished to the Disclosing Party at the conclusion of this Action, or pursuant to an order of this Court upon good cause shown.

(c)   The Court having jurisdiction over discovery procedures in this Action;

(d)   Any court reporter, stenographer, typist, or videographer transcribing or recording testimony in this Action or in a related action in which this Order is specifically adopted and/or stipulated to in writing by Counsel of Record and any outside independent reproduction firm or entity;

(e)   Any person who is the author, recipient or copy recipient of "CONFIDENTIAL" information and/or material for the purpose of interrogation of such person at trial, by deposition during the course of preparation for trial or deposition;

(f)   In-house counsel for a party;

(g)   Any treating physician noticed for deposition in this case and/or called as a witness in this case, provided such person has read this Order in advance of disclosure and undertakes in writing to be bound by the terms of this Order by signing a copy of Exhibit 1 attached hereto.  A signed copy of Exhibit 1 shall be produced to the Disclosing Party at or within a reasonable time before the

9

deposition of the person(s) described in this paragraph if the information is to be disclosed to such person at the deposition or no later than the date trial commences in this Action if the information is to be disclosed to such a person at said trial.

**6.4.** In the event that an expert and/or consultant, as described in Paragraph 6.3(b), is a current employee of or has a continuous, regular, ongoing or current consulting arrangement of any kind with any entity involved in the design, manufacture, or distribution of orthopedic implants, the party seeking to distribute or show such "CONFIDENTIAL" information and/or material to such expert and/or consultant shall not disclose such information to such expert and/or consultant unless:

(a) The party wishing to disclose the "CONFIDENTIAL" information and/or material promptly identifies such expert or consultant to counsel of the Disclosing Party in writing prior to disclosure of such information to such expert and/or consultant;

(b) The Disclosing Party does not object to such disclosure in writing within ten (10) days of such written notice;

(c) The Disclosing Party does not attempt to meet and confer to resolve the issue within ten (10) days from the mailing of the written objection; and

(d) The Disclosing Party does not move for a protective order prohibiting the disclosure to the expert and/or consultant within fifteen (15) days after the required attempt to meet and confer.

**STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION AND/OR MATERIALS**

**6.5.**   In the event that such person as described in Paragraph 6.3(h) is a current employee or has a continuous, regular, ongoing, or current consulting arrangement of any kind with any entity involved in the design, manufacture, or distribution of orthopedic implants, the party seeking to distribute or show such "CONFIDENTIAL" information and/or material to such person shall not disclose such information to such person unless:

(a)   The party wishing to disclose the "CONFIDENTIAL" information and/or material promptly identifies such person to counsel of the Disclosing Party in writing prior to disclosure of such information to such person;

(b)   The Disclosing Party does not object to such disclosure in writing within ten (10) days of such written notice;

(c)   The Disclosing Party does not attempt to meet and confer to resolve the issue within ten (10) days from the mailing of the written objection; and

(d)   The Disclosing Party does not move for a protective order prohibiting the disclosure to the person within fifteen (15) days after the required attempt to meet and confer.

**6.6.**   In the event that any person described in Paragraphs 6.3(a) – (h) ceases to be engaged in the preparation of this Action, access by such person(s) to "CONFIDENTIAL" information and/or material shall be terminated.  Any such "CONFIDENTIAL" information and/or material in the possession of any such person(s) shall be returned to the party that distributed the "CONFIDENTIAL" information and/or material.  The provisions of this Order shall remain in full force and effect as to all such person(s) and to all "CONFIDENTIAL"

**STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION AND/OR MATERIALS**

information and/or material and the obligation not to disclose any portions of such "CONFIDENTIAL" information and/or material, except as may be specifically ordered by the Court.  The recipient of "CONFIDENTIAL" information and/or material provided pursuant to this Order shall maintain such information and/or material in a secure and safe area and shall exercise due and proper care with respect to the storage, custody and use of all such documents or information.

**6.7.**  In rendering services or otherwise communicating with his or her client, Counsel shall not disclose the specific content of any "CONFIDENTIAL" information and/or material, where such disclosure would not otherwise be permitted under the terms of this Order.  Nothing herein shall bar or otherwise restrict any Counsel from rendering advice to his or her client with respect to any action in which this order has been adopted and/or stipulated to, and in the course thereof, from relying upon "CONFIDENTIAL" information and/or material.

**6.8.**  In the event that additional persons become parties to this action or a related action in which this order has been specifically adopted and/or stipulated to in writing by Counsel of Record, such additional persons shall not have access to "CONFIDENTIAL" information and/or material until they have agreed in writing to be bound to this Order and its provisions and this Order has been amended, with the Court's approval, to govern such additional persons.

**6.9.**  <u>**Filing Under Seal.**</u>  Unless otherwise ordered by the Court, any documents, including but not limited to pleadings, memoranda, deposition notices, deposition transcripts, interrogatories, requests for document production, subpoenas, and responses thereto containing,

STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION AND/OR MATERIALS

paraphrasing or summarize any "CONFIDENTIAL" information and/or material, may be filed under seal only upon entry of a further order of the Court granting a Motion to Seal particular document(s), or portions thereof in accordance with Federal Rules of Civil Procedure, Local Rule 141, ECF Administrative Policies and Procedures, Section II; and Chambers' Rules, with respect to filing documents under seal.

**6.9.1.** To seek authorization to file "CONFIDENTIAL" information and/or material under seal, the parties must follow the Federal Rule of Civil Procedure, Local Rule 141, ECF Administrative Policies and Procedures, Section II; and Chambers' Rules, with respect to filing documents under seal. The party asserting confidentiality bears the burden of obtaining a Court order to file documents under seal.

**6.9.2.** A party that intends to file a document containing information designated by another party as "CONFIDENTIAL" shall provide written notice of such intent to file a document containing "CONFIDENTIAL" information to the party asserting confidentiality. The notice shall specify the "CONFIDENTIAL" information and/or material designated as "CONFIDENTIAL" which the party intends to file or include in the contemplated filing.

**6.9.3.** Within ten (10) days after receipt of such notice, the party asserting confidentiality shall file a Motion to Seal pursuant to Federal Rules of Civil Procedure, Local Rule 141, ECF Administrative Policies and Procedures, Section II; and Chambers' Rules, with respect to filing documents under seal. If the party asserting confidentiality files a Motion to Seal, the

party proposing to file the "CONFIDENTIAL" information and/or material may proceed with the contemplated filing only after, and in a manner consistent with, the Court's ruling on the Motion to Seal.

**7.** **USE OF "CONFIDENTIAL" INFORMATION AND/OR MATERIAL**

**7.1.** Except as agreed by the Disclosing Party or as otherwise provided in this Order, "CONFIDENTIAL" information and/or material shall only be used for preparation for trial, trial, preparation for settlement conference(s), settlement conference(s) and/or any appeal of this Action.

**7.1.1.** "CONFIDENTIAL" information and/or material shall be maintained in confidence by the Receiving Party or any other recipients to whom it is disclosed in accordance with Section 6 of this Order.

**7.1.2.** "CONFIDENTIAL" information and/or material shall not be disclosed except to persons entitled to have access thereto pursuant to Section 6 of this Order.

**7.1.3.** "CONFIDENTIAL" information and/or material may not be used by any person receiving such information and/or material for any business or competitive purpose and shall be used solely for purposes of this Action as described in Paragraph 7.1.

**7.2.** **Requests for Exemption.**  Any party may at any time request from the Disclosing Party, in writing, the release of information and/or material designated as "CONFIDENTIAL," or filed under seal, from the requirements of the terms and provisions of this Order.  Upon receipt of such request, the Disclosing Party and the party requesting the exemption shall attempt to meet and confer to resolve the issue. If the parties are unable to agree as to whether the

14

"CONFIDENTIAL" information and/or material at issue is properly designated "CONFIDENTIAL," any party may raise the issue of such designation with the court.  Pending a ruling from the Court, the Disclosing Party's designation shall control.

7.3.   **Responding to Subpoenas.**  Nothing in this order shall preclude any party from responding to a validly issued subpoena provided, however, that the party responding to the subpoena shall provide written notice of such subpoena to the Disclosing Party at least three (3) business days in advance of production or disclosure of the "CONFIDENTIAL" information and/or material to the third-party pursuant to such subpoena.  Such written notice shall be made by electronic mail to the electronic mailing address for Counsel of Record registered with the Court or by any other method agreed to in writing by the parties.

7.4.   **Use by Counsel for the Disclosing Party.**  Nothing in this Order shall prevent or restrict Counsel for the Disclosing Party in any way from inspecting, reviewing, using, or disclosing the "CONFIDENTIAL" information and/or material produced or provided by that party, including discovery material designated as "CONFIDENTIAL," with consent of the Disclosing Party.  No disclosure pursuant to this paragraph shall waive any rights or privileges of any party granted by this Order.

7.5.   **Use of "CONFIDENTIAL" Information and/or Material at Trial or Hearing.**  Notwithstanding any provisions of this Order, the parties shall confer and attempt to agree before any Court trial or hearing on the procedures to be included in a protective order to which "CONFIDENTIAL" information and/or material may be used or introduced into evidence at such trial or hearing.

15

**STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION AND/OR MATERIALS**

**7.5.1.** Upon reaching agreement, the parties shall give notice of the terms of such agreement to each Disclosing Party producing such "CONFIDENTIAL" information and/or material which may be used or introduced at such trial or hearing.  Because it will affect the public availability of material used at trial or hearing, any such agreement under this Paragraph will be effective only upon Court approval.

**7.5.2.** Absent agreement among the parties, any party, upon reasonable notice to the Disclosing Party producing such "CONFIDENTIAL" information and/or material which may be used or introduced at such trial or hearing, may move the Court to issue an Order governing the use of such information and/or material at a trial or hearing.

**7.6.** Nothing in this Order or any failure by a party to challenge the designation by any other party of any information and/or material as "CONFIDENTIAL" shall be construed as an admission or agreement that any specific information and/or material is or is not confidential or proprietary, or is or is not otherwise subject to discovery or admissible in evidence.

**8.** <u>**EFFECT OF THIS ORDER UPON TERMINATION OR RESOLUTION OF THIS ACTION**</u>

**8.1.** The provisions and obligations of this Order shall survive the termination of this action and continue to bind the parties and their counsel.  The Court will have continuing jurisdiction to enforce this or irrespective of the manner in which this action is terminated.

**8.2.** <u>**Disposition of "CONFIDENTIAL" Information and/or Materials.**</u> Upon final determination of the action in which the particular materials were produced, the Disclosing Parties may request the return

16

to them of all materials designated "CONFIDENTIAL" and previously furnished or produced in such action, including any copies thereof.

**8.2.1.** Within 45 (45) days from the receipt of such request, each person or party to whom such materials have been furnished or produced shall be obligated to return same, including any copies, except that the recipient need not return transcripts of depositions that refer to confidential information and confidential materials filed with court.

///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///

**STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION AND/OR MATERIALS**

**8.3.**    The provisions of this Order, insofar as they restrict the disclosure
and use of discovery material designated "CONFIDENTIAL", or
information derived therefrom, shall continue to be binding
notwithstanding the conclusion of any action in which this order was
adopted and/or stipulated to, unless written permission to the contrary
is obtained from the Disclosing Party or the Court orders otherwise.

The Parties agree to abide by and be bound by the terms of this Order upon
signature hereof as if the Order had been entered on the date.


Dated:   April 25, 2014                     Respectfully submitted,
                                            **MORRIS POLICH & PURDY LLP**

                                            By:___*s/ John W. Shaw*_____
                                               John W. Shaw
                                               Attorneys for Defendant
                                               SMITH & NEPHEW, INC.

Dated:   April __, 2014                     Respectfully submitted,
                                            **HEYGOOD, ORR & PEARSON**

                                            By:_____
                                               Charles Miller, Esq.
                                               John Pate, Esq.
                                               Attorneys for Plaintiff,
                                               ROLAND SALINAS


**IT IS SO ORDERED**.

Dated:  May 1, 2014                         _____
                                            CAROLYN K. DELANEY
                                            UNITED STATES MAGISTRATE JUDGE

18

**STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION AND/OR MATERIALS**